FILED
SEP - 7 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　EF　DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No.: 06MG8624 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Robert PEREGRINA, AKA: Bird, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. §§ 3141 et seq.), a detention hearing was held on August 17, 2006, to determine whether Robert PEREGRINA AKA: Bird should be held in custody pending trial on the ground that he is a risk of flight and a danger to the community. The Court ordered the Defendant be detained both as a flight risk and a danger to the community. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders, Inc., appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services report, and the indictment issued against Defendant in the Central District of California, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

I

## FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>

1. On April 12, 2006, a federal grand jury for the Central District of California returned an Indictment against Defendant in Criminal Case Number: CR 06-283. Count 1 of the Indictment charges Defendant with violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), Conspiracy to Distribute Methamphetamine and Cocaine. Count 65 of the Indictment charges Defendant with violation of 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a), Criminal Forfeiture. Based on the Indictment, probable cause exists to believe Defendant committed the charged drug trafficking offense.

2. The Controlled Substances Act, 21 U.S.C. §§ 801-890, mandates that any person who commits a drug trafficking offense that involves 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(viii). Because the charged drug trafficking offense carries a maximum term of imprisonment of 10 years or more, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. <u>See</u> 18 U.S.C. §3142(e)(1).

3. According to the advisory United States Sentencing Guidelines, the charged offense triggers a base offense level of 32. <u>See</u> USSG § 2D1.1(c)(4). This base offense level corresponds to a sentencing range of at least 135-168 months.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):</u>

1. According to the Indictment, Defendant conspired with others to: possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Scheduled II controlled substance. A warrant for Defendant's arrest was issued on April 12, 2006, by the Central District of California.

2. At the detention hearing, Pete Kogler, the Governments' first witness identified Defendant as the person wanted in Indictment Number CR 06-283.

2

3. Steve Aguilar, the Government's second witness identified Defendant as being the person wanted in Indictment Number CR 06-28, which involved a conspiracy by Highland Park Street Gang ("HLP") members to distribute narcotics. Steve Aguilar also testified that Defendant Robert Peregrina (AKA: Bird) was arrested with a firearm. Co-conspirators mentioned Defendant in an intercepted wire tap in which co-conspirator gang members mentioned Defendant being armed.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>

1. Defendant is a citizen of the United States.
2. Defendant resides in Los Angeles, California.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

1. The charged crime is a drug trafficking offense, triggering the presumption that Defendant should be detained as a flight risk. The Court also finds that there is probable cause to beive that Defendant was armed in conjunction with gang conspiracy to distribute narcotics and therefore the Court finds that the Defendant is a danger to the community. 18 U.S.C. § 3142(e).

2. The Defendant has the following criminal history:

2005 - Felony Carrying a loaded firearm in a public place - 16 mos prison

II

REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offenses charged in the Central District of California, Indictment Number CR 06-283.

B. Due to the amount and type of drugs, a rebuttable presumption arises that no condition or combination of conditions will secure Defendant's attendance at trial. Defendant has failed to rebut that presumption.

C. Defendant faces a substantial period of time in custody if convicted of the offense charged in the indictment. Specifically, he faces a potential mandatory minimum sentence of 10 years imprisonment and a maximum of life imprisonment. He therefore has a strong motive to flee.

D. The Court finds that the Government has sustained its burden of demonstrating, by a preponderance of the evidence, that Defendant is a risk of flight and that there are no conditions or combination of conditions that would ensure Defendant's appearance for future court appearances.

E.  The Court finds that the Government has shown by clear and convincing evidence that Defendant poses a danger to the community.

### III

### ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:  9-7-06

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

CAROL C. LAM
United States Attorney


JOHN F. WEIS
Assistant U. S. Attorney

cc: Diane Regan
    Federal Defenders of San Diego, Inc.